FILED
IN OPEN COURT

SEP 2 1 2016

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Norfolk Division*

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. 2:16cr128 |
| v. ) | |
| ) | 18 U.S.C. § 1958(a) |
| ) | Use of Interstate Commerce Facilities in the |
| CHADWICK STANLEY GHESQUIERE ) | Commission of Murder-for-Hire |
| (Counts 1-6) ) | (Count 1) |
| ) | |
| ) | 18 U.S.C. § 373(a) |
| ) | Solicitation to Commit a Crime of Violence |
| ) | (Count 2) |
| ) | |
| ) | 18 U.S.C. § 924(h) |
| ) | Transfer of Firearm for Use in a Crime of |
| ) | Violence |
| ) | (Count 3) |
| ) | |
| ) | 18 U.S.C. § 924(c)(1) |
| ) | Possession of Firearms in Furtherance |
| ) | of, and Using and Carrying Firearm |
| ) | during and in relation to, a Crime of |
| ) | Violence and a Drug Trafficking Crime |
| ) | (Count 4) |
| ) | |
| ) | 21 U.S.C. § 841(a)(1) |
| ) | Distribution of a Controlled Substance |
| ) | (Count 5) |
| ) | |
| ) | 21 U.S.C. § 843(b) |
| ) | Use of a Communication Facility |
| ) | (Count 6) |
| ) | |
| ) | 21 U.S.C. § 853 and 18 U.S.C. § 924(d) |
| ) | Criminal Forfeiture |

## INDICTMENT

September 2016 Term – at Norfolk, Virginia

THE GRAND JURY CHARGES THAT:

1

## INTRODUCTORY ALLEGATIONS:

1. At all times relevant to this Indictment, the defendant CHADWICK STANLEY GHESQUIERE was an active duty servicemember in the U.S. Navy stationed at NAS Oceana and subject to the laws of the Commonwealth of Virginia and the laws of the United States, including under the Uniform Code of Military Justice.

2. At all times relevant to this Indictment, Family Servicemember's Group Life Insurance (FSGLI) was implemented by the Department of Veterans Affairs to extend insurance coverage to spouses and children of members eligible for Servicmember's Group Life Insurance (SGLI). In order to be eligible for FSGLI, spouses and children must be registered in the Defense Enrollment Eligibility Reporting System (DEERS). Once registered in DEERS, spouses and children are automatically covered by FSGLI unless the servicemember declines coverage. DEERS is the official source of dependent information such as date of birth. Based on information in DEERS, the Defense Finance and Accounting Service (DFAS) calculates premiums, based on age, and deducts it from the member's pay as set forth in the Leave and Earning Statement (LES). The LES is accessed via the website MyPay or received at the home-of-record through the U.S. Mail. The FGSLI policy is a thing of pecuniary value.

3. At all times relevant to this Indictment, the defendant CHADWICK STANLEY GHESQUIERE was married to Wife K M-G. Wife K M-G was registered in DEERS as a dependent. DFAS deducted premiums, as shown in the defendant's LES, for Wife K M-G.

4. At all times relevant to this Indictment, the defendant CHADWICK STANLY GHESQUIERE used, and caused to be used, one or more facilities of interstate and foreign commerce. The point of sale locations for cellular phones were facilities of interstate and

2

foreign commerce. The cellular phones, cellular companies, and cellular systems used and caused to be used were facilities of interstate and foreign commerce. The internet used and caused to be used were facilities of interstate and foreign commerce. The firearms possessed, carried, used and caused to be used, travelled interstate and foreign commerce. The National Interstate Highway system used and caused to be used was a facility of interstate and foreign commerce.

5. At all time relevant to this Indictment, defendant CHADWICK STANLEY GHESQUIERE stood to gain financially, and in other ways, by hiring another person to Murder his Wife K M-G.

6. At all times releveant to this Indictment, the defendant illegally distributed, on one or more occasions, Adderall pills prescribed to him by Navy Medicine.

## COUNT ONE

In or about August 2016, in the Eastern District of Virginia, the defendant CHADWICK STANLEY GHESQUIERE, did unlawfully and knowingly travel in and causes another to travel in interstate and foreign commerce, and use and cause another to use the mail or any facility of interstate and foreign commerce, with the intent that the murder of his Wife K M-G be committed in violation of the laws of the Commonwealth of Virginia and of the United States as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value, including but not limited to, U.S. currency, a firearm, proceeds from the Family Servicemembers' Group Life Insurance (FSGLI), and controlled substances.

(All in violation of Title 18, United States Code, Sections 1958(a) and 2.)

## COUNT TWO

In or about August 2016, in the Eastern District of Virginia, the defendant CHADWICK STANLEY GHESQUIERE, with the intent that another person engage in conduct constituting a felony that has as an element the use, attempted use and threatened use of physical force against the person of another, that is, his Wife K M-G, in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, did solicit, command, induce and endeavor to persuade another person to engage in such conduct, including but not limited to, Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire, in violation of Title 18, United States Code, Section 1958(a), as charged in Count One of this Indictment.

(All in violation of Title 18, United States Code, Sections 373(a) and 2.)

## COUNT THREE

In or about August 2016, in the Eastern District of Virginia, the defendant CHADWICK STANLEY GHESQUIERE, did knowingly intentionally and unlawfully transfer a firearm, knowing that the firearm would be used in a crime of violence, including but not limited to, Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire, in violation of Title 18, United States Code, Section 1958(a), as charged in Count One of this Indictment.

(In violation of Title 18, United States Code, Sections 924(h) and 2.)

## COUNT FOUR

In or about August 2016, in the Eastern District of Virginia, the defendant, CHADWICK STANLEY GHESQUIERE, did knowingly, intentionally, and unlawfully possess one or more firearms in furtherance of, and use and carry one or more firearms during and in relation to, a crime of violence, including but not limited to, Use of Interstate Commerce Facilities in the

4

Commission of Murder-for-Hire, in violation of Title 18, United States Code, Section 1958(a), as charged in Count One of this Indictment, and a drug trafficking crime, including but not limited to, Distribution of a Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), as charged in Count Five of this Indictment.

(In violation of Title 18, United States Code, Sections 924(c)(1)(A), (i) and 2.)

## COUNT FIVE

On or about August 16, 2016, in Virginia Beach, in the Eastern District of Virginia and elsewhere, the defendant CHADWICK STANLEY GHESQUIERE, did knowingly, intentionally and unlawfully distribute a mixture and substance containing a detectable amount of Amphetamine, commonly known as Adderall, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2.)

## COUNT SIX

In or about August 2016, in Virginia Beach, in the Eastern District of Virginia and elsewhere, the defendant CHADWICK STANLEY GHESQUIERE, did knowingly, intentionally and unlawfully use a communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under Title 21, United States Code, including the distribution of a controlled substance in violation of Title 21, United States Code, Section 841(a)(1) as charged in Count Five of this Indictment.

(In violation of Title 21, United States Code, Sections 843(b) and Title 18, United States Code, Section 2.)

## **CRIMINAL FORFEITURE**

The defendant, CHADWICK STANLEY GHESQUIERE, if convicted of any of the offenses charged in this Indictment, shall as part of sentencing under Federal Rule of Criminal Procedure 32.2, forfeit to the United States: (1) Any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such violation; (2) Any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation; and (3) Any firearm or ammunition involved in or used in the violation. The property subject to forfeiture includes but is not limited to a monetary judgment in the amount equaled to the gross proceeds generated from distribution of controlled substances. If any property that is subject to forfeiture, (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with a third person, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property that cannot be subdivided without difficulty; it is the intent of the United States to seek forfeiture of any other property of the defendant, up to the value described above, as subject to forfeiture under Title 21, United States Code, Section 853(p).

(All in accordance with Title 21, United States Code, Section 853 and Title 18, United States Codes, Sections 924(d), as incorporated by Title 28, United States Code, Section 2461.)

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office

*United States Of America v. Chadwick Stanley Ghesquiere*
Criminal No. 2:16cr 128

A TRUE BILL

*Redacted*
FOREPERSON

DANA J. BOENTE
UNITED STATES ATTORNEY

By: _____
Kevin M. Comstock
Assistant United States Attorney
Virginia Bar No. 39460
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail Address - kevin.comstock@usdoj.gov